IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN WILLIAMS, # 279734, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13cv929-WHA |
| | ) | (WO) |
| PHYLLIS BILLUPS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Jonathan Williams ("Williams"). Doc. No. 1.[1] Williams challenges his convictions for violating two provisions of the Alabama Sex Offender Registration and Community Notification Act ("CNA"). *See* §15-20A-1 et seq., Ala. Code 1975.

## I. BACKGROUND

On July 18, 2012, following a bench trial in the Circuit Court of Houston County, Williams was found guilty of knowingly coming within 100 feet of a former victim, his son, in violation of § 15-20A-16(b), Ala. Code 1975, and failing to possess a driver's license indicating that he is a sex offender, in violation of § 15-20A-18, Ala. Code 1975. On that same date, the trial court sentenced Williams as habitual offender to concurrent terms of 10 years in prison for each conviction.

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF

Williams appealed, claiming:

(1) Section 15-20A-16 of the CNA –

- violates his right to procedural due process because there is no procedure whereby he can obtain an exemption from the statute's requirements; and

- violates his substantive due process rights because the statute interferes with his fundamental right of marital privacy and familial association.

(2) The State failed to present sufficient evidence to establish that he did not possess a valid sex-offender driver's license as proscribed by § 15-20A-18 of the CNA.

Doc. No. 7-4 at 15, 22-32.

In an unpublished memorandum opinion issued on March 29, 2013, the Alabama Court of Criminal Appeals rejected Williams's claims on the merits and affirmed his convictions and sentence. Doc. No. 7-6. Williams applied for rehearing, which was overruled on April 19, 2013. Doc. No. 7-7. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on November 15, 2013, issuing a certificate of judgment the same day. Doc. Nos. 7-8 & 7-9.

On April 12, 2013, while his direct-appeal proceedings were still pending, Williams filed what he styled as a petition for writ of habeas corpus in the Circuit Court of Montgomery County. Doc. No. 7-10. The petition asserted claims that (1) his conviction for being within 100 feet of his former victim violated his First Amendment rights to

association with his son and to freedom of expression, and (2) the search of his wallet after his arrest violated his Fourth Amendment rights because his arrest was unlawful. *Id*. at 4-5. In response, the State argued that Williams's claims were not properly addressed in a habeas petition and should instead be raised in a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure filed in the court of conviction. Doc. No. 7-11. Accordingly, the State moved that Williams's petition be treated as a Rule 32 petition and transferred to the Circuit Court of Houston County. *Id*. On April 30, 2013, the circuit court granted the State's motion and transferred Williams's petition to the Circuit Court of Houston County. Doc. No. 7-12. On June 11, 2013, the Circuit Court of Houston County entered an order purporting to deny Williams's Rule 32 petition. Doc. No. 7-13. Williams did not appeal from that judgment.

On December 16, 2013, Williams initiated this federal habeas action by filing a § 2254 petition asserting the following claims:

(1) His conviction under § 15-20A-16(b) of the CNA should be set aside because the statute's requirement that he stay more than 100 feet away from his victim is unconstitutional as applied to him, as it (a) is not narrowly tailored to meet a compelling state interest and (b) violates his substantive due process rights because it implicates his fundamental right to maintain a parent-child relationship and his First Amendment rights to association with his son and to freedom of expression. Doc. No. 1; Doc. No. 1-1 at 1-4.

(2) Because the requirement in § 15-20A-16(b) that he stay more than 100 feet away from his victim is unconstitutional as applied to him, his arrest and the search incident to his arrest violated the Fourth Amendment, requiring reversal of his

> conviction for failing to possess a valid sex-offender driver's license as proscribed by § 15-20A-18 of the CNA. Doc. No. 1; Doc. No. 1-1 at 4.

The respondents contend that Williams's claims are unexhausted and procedurally defaulted, because he failed to present them through one complete round of state court appellate review and the state court to which he would be required to present his claims to meet the exhaustion requirement would now find the claims procedurally barred. Doc. No. 7 at 8-20.

After consideration of the parties' submissions, the record, and the pertinent law, the undersigned finds that Williams is not entitled to habeas relief because his claims are procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Procedural Default: Unexhausted Claims

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S.

167, 178-79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review – a petition for a writ of certiorari – filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to do more than simply refer vaguely to possible claims; "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Kelley v. Sec., Dept. of Corr*, 377 F.3d 1317, 1325 (11th Cir. 2004) (citation omitted); *Hunt v. Comm., Ala. Dept. of Corr.*, 666 F. 3d 708, 730-31 (11th Cir. 2012). It is not sufficient that all the facts to support the federal claim were before the state courts or that a somewhat similar state-law claim was made; to exhaust a claim sufficiently, "petitioners [must] present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley*, 377 F.3d at 1344-45, citing *Picard*, 404 U.S. at 277.

Habeas claims not properly exhausted in the state courts are procedurally defaulted

if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

**B. Williams's Claims are Procedurally Defaulted.**

A review of the record confirms the respondents' contention that Williams failed to present either of his habeas claims through one complete round of state court appellate review.

**Claim Challenging Constitutionality of § 15-20A-16(b)**

Williams's claim challenging the constitutionality of § 15-20A-16(b) of the CNA (and his conviction under that section of the statute) was raised at trial and in his direct appeal to the Alabama Court of Criminal Appeals. However, as the respondents correctly note, in his petition for writ of certiorari subsequently filed with the Alabama Supreme Court, Williams challenged only the constitutionality of subsection **(d)** of § 15-20A-**11** of the CNA, claiming that § 15-20A-**11(d)** interfered with his relationships with his son (the victim) and his daughter and wife because it is not narrowly tailored to consider whether a sex offender is no longer a danger to his children due to subsequent treatment or because his

children have reached adulthood. Doc. No. 7-8 at 8-14. As the respondents observe:

> The question of whether § 15-20A-11(d) infringes on Williams's constitutional rights is irrelevant to the claims put forth in the trial and intermediate appellate courts (and reasserted in the instant petition) because he was not convicted of residing with his son or any other minor in violation of § 15-20A-11(d). Instead, he was convicted for coming within 100 feet of his victim in violation of § 15-20A-16(b). The two statutes state completely different crimes and are applicable to two different classes of sex offenders.[2]

Doc. No. 7 at 14. Because Williams's petition for writ of certiorari filed with the Alabama Supreme Court did not raise any claim regarding the constitutionality of § 15-20A-16(b) of the CNA, he failed to exhaust the claim he now asserts in his § 2254 petition.

Williams previously filed a state post-conviction petition attempting to assert essentially the same claim he now asserts regarding § 15-20A-16(b). *See* Doc. No. 7-10. That petition, which was treated as a petition for relief under Ala.R.Crim.P. 32 and transferred to the Circuit Court of Houston County, was denied by the state trial court in an order entered on June 11, 2013. *See* Doc. Nos. 7-12 & 7-13. However, the trial court lacked jurisdiction to consider Williams's Rule 32 petition on the merits because Williams's direct appeal was still pending in the state courts at the time the trial court entered its order. *See, e.g., Rogers v. State*, 782 So.2d 847 (Ala. Crim. App. 2000) (setting aside an order purporting to dismiss a Rule 32 petition before the certificate of judgment had issued on

---

[2] The respondents note for example that § 15-20A-16(b), unlike § 15-20A-11(d), makes no distinction based upon whether a subsequent violation occurs while a victim is still a minor or after he becomes an adult. Doc. No. 7 at 14. Moreover, § 15-20A-11(d) prohibits certain classes of offenders from residing with minor children even if those minors were not themselves victims, whereas § 15-20-16(b) is only concerned with contact between the sex offender and an actual victim. *Id*.

direct appeal). Thus, the trial court's judgment was a nullity.

However, dismissal of Williams's instant § 2254 petition to allow him to file a new Rule 32 petition presenting his claim regarding § 15-20A-16(b) – or to attempt to revive his initial petition asserting this claim – would be pointless, because Williams's claim would be barred by state procedural rules, specifically, Ala.R.Crim.P. 32.2(a)(2) & (a)(4), which preclude a Rule 32 petitioner from obtaining relief on a claim that was raised and addressed at trial (Rule 32.2(a)(2)) or raised and addressed on direct appeal (Rule 32.2(a)(4)). As noted, Williams raised his claim regarding § 15-20A-16(b) at trial and in his direct appeal to the Alabama Court of Criminal Appeals, but not in his petition for writ of certiorari with the Alabama Supreme Court. Because any attempt by Williams to present his unexhausted claim to the state courts would be procedurally barred under Ala.R.Crim.P. 32.2(a)(2) & (a)(4), the claim is procedurally defaulted for federal habeas purposes. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

***Claim That Arrest and Search Incident to Arrest Violated Fourth Amendment***

Williams's habeas claim that his arrest and the search incident to his arrest violated the Fourth Amendment (requiring reversal of his conviction for failing to possess a valid sex-offender driver's license) was not raised at trial or in his direct appeal to the Alabama Court of Criminal Appeals or in his petition for writ of certiorari filed with the Alabama Supreme Court. Because the claim was not raised and pursued through a complete round of Alabama's established appellate review process, it is unexhausted.

Williams did assert essentially the same claim in his state post-conviction petition that was treated as a Rule 32 petition. *See* Doc. No. 7-10. As indicated above, the trial court's denial of that Rule 32 petition was a nullity because Williams's direct appeal was pending when the trial court purported to rule on the petition. However, as with his other habeas claim, dismissal of Williams's § 2254 petition to allow him to file a new Rule 32 petition presenting this unexhausted claim or to seek to revive his initial petition asserting the claim would be pointless, because the claim would be barred by state procedural rules – specifically, Ala.R.Crim.P. 32.2(a)(3) & (a)(5), which preclude a Rule 32 petitioner from obtaining relief on a claim that could have been, but was not, was raised at trial (Rule 32.2(a)(3)) or on direct appeal (Rule 32.2(a)(5)). Because any attempt by Williams to present this unexhausted claim to the state courts would be procedurally barred under Ala.R.Crim.P. 32.2(a)(3) & (a)(5), the claim is procedurally defaulted for federal habeas purposes. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

**C. Exceptions to Procedural Default**

A habeas petitioner can escape the procedural-default doctrine either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).

***Cause and Prejudice***

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.

Williams asserts the ineffective assistance of his appellate counsel as "cause" excusing his failure to pursue his claim regarding the constitutionality of § 15-20A-16(b) of the CNA in his petition for writ of certiorari filed with the Alabama Supreme Court. Doc. No. 9 at 2-6. However, a defendant is not entitled to counsel in seeking discretionary review by the Alabama Supreme Court and, as such, cannot be denied effective assistance of counsel as a result of his appellate counsel's not seeking certiorari review or his appellate counsel's actions in the course of certiorari review. *See, e.g., Phelps v. Davenport*, 2014 WL 2006321, at *4-5 (N.D. Ala. May 13, 2014); *Craft v. Hetzel*, 2012 WL 3259672, at *4 (N.D. Ala. Jul. 18, 2012); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). Thus, the performance of Williams's appellate counsel with respect to the petition for writ of certiorari filed with the Alabama Supreme Court does not constitute cause excusing Williams's procedural default.

***Actual Innocence***

Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327. This standard "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Williams asserts that he is actually innocent of both his § 15-20A-16(b) conviction for coming within 100 feet of a former victim and his § 15-20A-18 conviction for failing to possess a driver's license indicating that he is a sex offender. Doc. No. 9 at 7-12. However, he points to no new reliable evidence, as required by *Schlup*, to support his assertions of actual innocence. With regard to his conviction for coming within 100 feet of a former victim, Williams essentially repeats his arguments challenging the constitutionality of § 15-20A-16(b). Doc. No. 9 at 7-10. Such arguments do not suffice under *Schlup* to

demonstrate actual innocence. With regard to his conviction for failing to possess a driver's license indicating that he is a sex offender, Williams essentially repeats his arguments challenging the sufficiency of the evidence to support the conviction. *Id*. at 10-12. Such arguments will not sustain a claim of actual innocence. *Bousley*, 523 U.S. at 623-24; *see, e.g., Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations of prosecution's failure to prove essential elements of offense go to sufficiency of and/or weight afforded the evidence presented and do not constitute "new reliable evidence" going to petitioner's actual innocence). Consequently, the actual-innocence exception provides no gateway for review of Williams's procedurally defaulted claims, and his claims are foreclosed from federal habeas review.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before April 13, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 30th day of March, 2016.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE