IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JONATHAN WILLIAMS, # 279734,    )
                                )
              Petitioner,        )
                                )
       v.                        )    Civil Action No. 1:13cv929-WHA
                                )              (WO)
PHYLLIS BILLUPS, *et al.*,        )
                                )
              Respondents.       )

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on the Petitioner's objections (Doc. #14) and amended

objections (Doc. #17), filed on May 5, 2016, and May 26, 2016, respectively.  On June 10,

2016, the court vacated and set aside its Order and Final Judgment and returned this case to

the undersigned for further proceedings concerning the issues raised in the Petitioner's

objections and amended objections to the Report and Recommendation entered on March

30, 2016. Doc. # 11

       The Petitioner presented two claims in his petition for writ of habeas corpus under

28 U.S.C. § 2254:

       1.     His conviction under § 15-20A-16(b) of the Alabama Sex
              Offender Registration and Community Notification Act
              ("CNA") should be set aside because the statute's requirement
              that he stay more than 100 feet away from his victim is
              unconstitutional as applied to him, as it (a) is not narrowly
              tailored to meet a compelling state interest and (b) violates his
              substantive due process rights because it implicates his
              fundamental right to maintain a parent-child relationship and his
              First Amendment rights to association with his son and to
              freedom of expression.

      2.      Because the requirement in § 15-20A-16(b) that he stay more than 100 feet away from his victim is unconstitutional as applied to him, his arrest and the search incident to his arrest violated the Fourth Amendment, requiring reversal of his conviction for failing to possess a valid sex-offender driver's license as proscribed by § 15-20A-18 of the CNA.

The March 30, 2016, Recommendation found both claims presented by the Petitioner in his § 2254 petition to be procedurally defaulted and that the Petitioner failed to demonstrate cause to excuse the default. *See* Doc. #11.

With specific regard to the Petitioner's claim challenging the constitutionality of § 15-20A-16(b) of the CNA and his conviction under that section of the statute, the prior Recommendation notes that this claim was raised at trial and in the Petitioner's direct appeal to the Alabama Court of Criminal Appeals, but that in his petition for writ of certiorari filed with the Alabama Supreme Court, the Petitioner challenged only the constitutionality of subsection (d) of § 15-20A-11 of the CNA. *See* Doc. #11 at 6-8. In the petition for writ of certiorari, which was filed on the Petitioner's behalf by his appellate counsel, the Petitioner argued that § 15-20A-11(d) interferes with his relationships with his son (the victim) and his daughter and wife, because it is not narrowly tailored to consider whether a sex offender is no longer a danger to his children due to subsequent treatment or because his children have reached adulthood. The question whether § 15-20A-11(d) infringes on the Petitioner's constitutional rights is irrelevant to the claims the Petitioner put forth in the trial and intermediate appellate courts (and reasserted in his § 2254 petition) because he was not convicted of residing with his son or any other minor in violation of § 15-20A-11(d). *See*

Doc. # 11at 7 (citing Respondents' Answer to § 2254 petition, Doc. #7 at 14).   Instead, the Petitioner was convicted for coming within 100 feet of his victim in violation of § 15-20A-16(b).   *Id*.   "The two statutes state completely different crimes and are applicable to different classes of sex offenders."   *Id*.   Because the Petitioner's petition for writ of certiorari filed with the Alabama Supreme Court raised no claim regarding the constitutionality of § 15-20A-16(b) of the CNA, the first Recommendation correctly finds that the Petitioner failed to exhaust the claim in his § 2254 petition challenging this statute. *See id*.

As noted in the first Recommendation, the Petitioner asserted the ineffective assistance of his appellate counsel as cause excusing his failure to pursue his claim regarding the constitutionality of  § 15-20A-16(b) in the petition for writ of certiorari filed with the Alabama Supreme Court.  *See* Doc. #11 at 10; Doc. #9 at 2-6.  This claim was rejected as a basis for establishing cause to excuse the Petitioner's default, because  a defendant is not entitled to counsel in seeking discretionary review by the Alabama Supreme Court, and therefore a defendant cannot be denied effective assistance of counsel due to his appellate counsel's failure to seek certiorari review or because of actions taken by appellate counsel in the course of certiorari review.  *See* Doc. #11 at 10 (citing *Phelps v. Davenport*, 2014 WL 2006321, at *4-5 (N.D. Ala. May 13, 2014); *Craft v. Hetzel*, 2012 WL 3259672, at *4 (N.D. Ala. Jul. 18, 2012); *also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)).

In his objections and amended objections to the Magistrate Judge's Recommendation, the Petitioner reasserts the ineffective assistance of his appellate counsel as cause for his procedural default, arguing in particular that his appellate counsel "abandoned" him and that there was a complete breakdown of communication with his appellate counsel such that they never formed a "principal/agent relationship."   Doc. #14 at 10-15; Doc. #17 at 1-3. However, as noted in the first Recommendation, the Petitioner's procedural default of his § 15-20A-16(b) claim did not happen in the direct-appeal stage to the Alabama Court of Criminal Appeals. Rather, the default occurred when the claim was not pursued in the petition for writ of certiorari to the Alabama Supreme Court.  As such, the reasoning in the first Recommendation applies to the Petitioner's arguments in his objections and amended objections:  because a defendant is not entitled to counsel in seeking discretionary review by the Alabama Supreme Court, the performance of the Petitioner's appellate counsel with respect to the petition for writ of certiorari filed with the Alabama Supreme Court – even if that performance amounted to abandonment or a complete breakdown of communication with the Petitioner (which, in any event, the Petitioner does not demonstrate) – cannot constitute cause excusing the Petitioner's procedural default of his § 15-20A-16(b) claim.[1]

---

[1] It does not appear that the Petitioner, in his objections and amended objections, is asserting his argument about his appellate counsel's deficiencies regarding his other procedurally defaulted claim, i.e., his claim that his arrest and the search incident to his arrest violated the Fourth Amendment so as to require reversal of his conviction for failing to possess a valid sex-offender driver's license.  Even if the Petitioner alleged the ineffective assistance of his appellate counsel as cause for his default of this claim, his appellate counsel was not ineffective for raising the claim on direct appeal when the claim was not raised in the trial court and would have been barred from

(continued...)

In his objections, the Petitioner also reasserts his argument that he is actually innocent of both his § 15-20A-16(b) conviction for coming within 100 feet of a former victim and his § 15-20A-18 conviction for failing to possess a driver's license indicating that he is a sex offender. Doc. #14 at 15-18. However, as noted in the first Recommendation, the Petitioner has pointed to no new reliable evidence, as required by *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995), to support his assertions of actual innocence. *See* Doc. # 11 at 11-12. With regard to his conviction for coming within 100 feet of a former victim, the Petitioner repeats his arguments challenging the constitutionality of § 15-20A-16(b). But those legal *arguments* do not suffice under *Schlup* to demonstrate actual innocence. *Id*. With regard to his conviction for failing to possess a driver's license indicating that he is a sex offender, the Petitioner repeats his arguments challenging the sufficiency of the evidence to support the conviction. Again, *arguments* will not sustain a claim of actual innocence. *Id*. at 12.

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. That the Petitioner's objections (Doc. #14) and amended objections (Doc. #17) be OVERRULED.

2. That the court adopt the Recommendation and Supplemental Recommendation of the Magistrate Judge, and

---

[1](...continued)
review on direct appeal. Under the circumstances, the Petitioner cannot show he was prejudiced by his appellate counsel's failure to raise the claim on appeal.

3.  That the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and this case be DISMISSED with prejudice.

It is further

ORDERED that **on or before July 26, 2016**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of July, 2016.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE